UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-00203-JRG-SKL |
| | ) | |
| MCMINN COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 arising out of Plaintiff's current charges for violation of the sex offender registry and his allegation that the McMinn County Sheriff's Office is denying him medications and/or treatment for his mental health issues [Doc. 1]. Plaintiff has filed a motion for leave to proceed *in forma pauperis* [Doc. 2] and has now filed his inmate trust account statement [Doc. 5], in accordance with the Court's previous order [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and this action will proceed only as to Plaintiff's Eighth Amendment claim for denial of medications and/or mental healthcare treatment against McMinn County.

I.  **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the McMinn County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga,

Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted.

*Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

I. ANALYSIS

In his complaint, Plaintiff first complains that Defendant McMinn County Sheriff's Office has charged him for violating the sex offender registry, sets forth various factual allegations about these charges, and states that when he tried to explain those facts to this Defendant "they refused to listen and I'm tired of them lying and violating my rights to a fair trial" [*Id.* at 1–2]. Plaintiff further states that he has proof that he is not guilty of the underlying crimes and seeks to have these charges dropped [*Id.* at 2].

However, these claims challenging Plaintiff's pending charges are not cognizable under § 1983 based on the doctrine the Supreme Court set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, in *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions, as states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). As such, federal courts should abstain from addressing a claim arising from a state prosecution where: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Middlesex County Ethics Comm. v. Garden State*

*Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). State criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Thus, Plaintiff's claims challenging his pending criminal charges are subject to dismissal.

However, Plaintiff also alleges that he has asked staff and a nurse at the McMinn County Jail twelve or more times to either put him on his medications or allow him to seek help for his mental health issues, which he states include "[post-traumatic stress disorder], [b]i-polar, depression, [and] [attention-deficit/hyperactivity disorder] [*Id.* at 4]. With these allegations, Plaintiff also refers to McMinn County policies and a prior death, which he appears to imply resulted from those policies [*Id.* at 4–5]. Accordingly, while this claim cannot proceed against McMinn County Sheriff's Office, see *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *1–2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010), the Court liberally construes this claim as against McMinn County, the Clerk will be **DIRECTED** to substitute McMinn County as Defendant herein in the place of McMinn County Sheriff's Office, and this claim will proceed against McMinn County.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to his pending charges and these claims are therefore **DISMISSED**;

6. The Clerk is **DIRECTED** to substitute McMinn County as Defendant herein in the place of McMinn County Sheriff's Office;

7. Plaintiff's claim for violation of his Eighth Amendment rights alleging that he has been denied his medications and/or mental healthcare treatment will proceed herein against Defendant McMinn County;

8. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant McMinn County;

9. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

10. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

11. Service on Defendant McMinn County shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

12. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action may be dismissed;

13. Defendant McMinn County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If this Defendant fails to timely respond to the complaint, it may result in entry of judgment by default; and

14. Plaintiff is **ORDERED** to immediately inform the Court and Defendant McMinn County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                         s/J. RONNIE GREER
                                 UNITED STATES DISTRICT JUDGE