UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-CV-00203-JRG-SKL |
| MCMINN COUNTY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On October 18, 2021, the Court entered an order screening Plaintiff's complaint, dismissing Plaintiff's claims arising out of the pending charges against him, and allowing this action to proceed only as to Plaintiff's Eighth Amendment claim for denial of medications and/or mental healthcare treatment against Defendant McMinn County [Doc. 6]. However, on November 20, 2021, Plaintiff filed a new complaint again asserting claims arising out of the pending charges against him, which the Clerk docketed as an amended complaint [Doc. 9], as well as a new motion for leave to proceed *in forma pauperis* [Doc. 10].

Then, on December 17, 2021, the Clerk docketed documents showing that the summons Plaintiff completed and returned to the Court for Defendant McMinn County was returned unexecuted with a notation indicating that it cannot be served on a post office box and must list the name of an individual to serve [Doc. 14 at 1]. And on December 17, 2021, Plaintiff sent the Court a motion in which he requests both appointment of counsel and to amend his demands for relief in his complaint [Doc. 15]. He also later filed a supplement to his motion to appoint counsel [Doc. 17], and a document indicating that Defendant McMinn County can be served with process

at 1319 S. White Street, Athens, TN 37303, which appears to be the address for the McMinn County Jail [Doc. 18].

The Court will address Plaintiff's most recent complaint [Doc. 9], other proposed amendments to his complaint [Doc. 15 at 2–3], most recent motion for leave to proceed *in forma pauperis* [Doc. 10], and motion to appoint counsel [Doc. 15], before addressing the service issues in this case.

I.  AMENDMENTS TO COMPLAINT

   A.  Most Recent Complaint

First, it is unclear whether Plaintiff intended to amend his complaint in this action or to file a new action by filing the complaint that the Clerk docketed as an amended complaint in this action [Doc. 9]. And the fact that Plaintiff filed a new motion for leave to proceed *in forma pauperis* [Doc 10] with his most recent complaint, even though the Court already granted him leave to *proceed in forma pauperis* in this action [Doc. 6 at 1–2, 4], suggests to the Court that he may have intended to file a new action.

But to the extent that Plaintiff intended to amend his complaint in this action through the most recent complaint, as Defendant McMinn County has not yet been properly served and therefore has not yet filed a responsive pleading in this action, Plaintiff could not amend his complaint as matter of course through this filing. Fed. R. Civ. P. 15(a)(1). And as nothing in the record suggests that Defendant McMinn County consented to Plaintiff amending his complaint, Plaintiff must have permission from the Court to do so. Fed. R. Civ. P. 15(a)(1)(B). As such, the Court construes this filing as a motion for leave to amend the complaint. "The court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court should deny leave to amend if the proposed amendment would be futile. *See Crawford v.*

*Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A proposed amendment is futile if it would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

In his amended complaint [Doc. 9], Plaintiff seeks to assert claims for slander, violation of privacy, and violation of his *Miranda* rights arising out of the events that occurred during the pending criminal proceeding against him [Doc. 9 at 3–7]. However, as Plaintiff may raise his claims for violation of privacy and violation of his *Miranda* rights in the criminal case proceeding against him, such claims are not cognizable herein based on the doctrine the Supreme Court set forth in *Younger v. Harris*, 401 U.S. 37 (1971), for the same reasons the Court previously dismissed Plaintiff's claims challenging the pending charges against him [Doc. 6 at 3–4]. Also, Plaintiff's claim for slander is not cognizable under § 1983. *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) (holding that "the Civil Rights Act does not give rise to a cause of action for slander").

Thus, to the extent that Plaintiff intended to amend his complaint in this case through the complaint he sent the Court on November 20, 2021, the Court construes it as a motion to amend his complaint, which will be **DENIED without prejudice** as futile, with leave to renew the motion within twenty-one (21) days of proper service on Defendant McMinn County.

B.    Other Proposed Amendments

As set forth above, in the motion that the Clerk docketed as a motion to appoint counsel, Plaintiff sets forth amendments to his demands for relief and various allegations related to his claims [Doc. 15 at 2–3]. But while it appears that Plaintiff intended to amend his complaint through this portion of this filing, this attempt to amend the complaint does not comply with the Court's Local Rule, as Plaintiff did not include a full proposed amended complaint with this filing. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed

3

as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Thus, this motion [*Id.*] will be **DENIED in part** to the extent that it seeks to amend the complaint.

## II. MOST RECENT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As the Court has already granted Plaintiff leave to proceed *in forma pauperis* herein [Doc. 6 at 1–2, 4], his most recent motion to proceed *in forma pauperis* [Doc. 10] will be **DENIED as moot**.

## III. MOTION TO APPOINT COUNSEL

Next, Plaintiff filed a motion to appoint counsel in this case in which he seeks appointment of counsel because "a[n] attorney would handle this case better in a more understanding way with less mistakes" and "would also help file the right papers in time to avoid any [] more late documents" [Doc. 15 at 1].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first two factors, as set forth above, this is a complaint for violation of § 1983 that is proceeding only as to Plaintiff's Eighth Amendment claim for denial of medications and/or mental healthcare treatment against Defendant McMinn County, which is not overly factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately

4

present his claims. Thus, Plaintiff has not established that this is an exceptional circumstance that justifies appointment of counsel in this action, and his motion to appoint counsel [*Id.*] will be **DENIED**.

## IV. SERVICE ISSUES

As set forth above, the record establishes that the summons Plaintiff completed and returned to the Court for Defendant McMinn County was returned unexecuted with a notation indicating that it cannot be served on a post office box and must list the name of an individual to serve [Doc. 14 at 1]. While Plaintiff later filed a document indicating that the address for Defendant McMinn County should be 1319 S. White Street, Athens, Tennessee 37303 [Doc. 18], this appears to be the physical address for the McMinn County Jail, and Plaintiff still has not named an individual to serve.

Nevertheless, given Plaintiff's status as a pro se prisoner, the Clerk will be **DIRECTED** to sign and seal a summons for Defendant McMinn County addressed to McMinn County Mayor John Gentry, 6 East Madison Avenue, Athens, Tennessee 37303 and to forward that summons to the United States Marshal for service. Service on Defendant McMinn County shall be made pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective.

## V. CONCLUSION

For the reasons set forth above:

1. The Court construes Plaintiff's amended complaint [Doc. 9] as a motion to amend the complaint, and it is **DENIED without prejudice** as futile, with leave to renew within twenty-one (21) days of proper service on Defendant McMinn County;

2. Plaintiff's request to amend his complaint in his motion to appoint counsel [Doc 15 at 2–3] is **DENIED**;

5

3. Plaintiff's most recent motion for leave to proceed *in forma pauperis* [Doc. 10] is **DENIED as moot**;

4. Plaintiff's motion to appoint counsel [Doc. 15] also is **DENIED** as to his request to appoint counsel [*Id.* at 1];

5. The Clerk is **DIRECTED** to sign and seal a summons for Defendant McMinn County addressed to McMinn County Mayor John Gentry, 6 East Madison Avenue, Athens, Tennessee 37303 and to forward that summons to the United States Marshal for service;

6. Service on Defendant McMinn County shall be made pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendant McMinn County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE