UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MICHAEL SCOTT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:21-CV-00203-JRG-SKL |
| MCMINN COUNTY, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that proceeded only as to Plaintiff's claims that he was denied medications and/or mental healthcare treatment in the McMinn County Justice Center ("MCJC") [Doc. 6 at 1, 4–5]. Now before the Court are Plaintiff's motions requesting issuance of subpoenas and a mental health exam [Docs. 28, 31], and Defendant McMinn County's motion for summary judgment [Doc. 32]. In support of its motion for summary judgment, Defendant McMinn County filed various exhibits, including an affidavit from McMinn County Jail Administrator Jason Bautsch, a number of Plaintiff's grievances and medical requests, the McMinn County Sheriff's Office Corrections Division Policy and Procedures Manual, and an interrogatory response from Plaintiff regarding his grievances regarding his claims proceeding herein, among other things [Docs. 32-1, 32-2], and a memorandum [Doc. 33]. Defendant McMinn County did not file a response to Plaintiff's pending motions, Plaintiff did not file a response to Defendant McMinn County's summary judgment motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, both parties waived any opposition to the other party's motion(s) [*Id.*]. E.D. Tenn. LR 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978).

For the reasons set forth below, Defendant McMinn County's motion for summary judgment [Docs. 32] will be **GRANTED**, Plaintiff's motions [Docs. 28, 31] will be **DENIED as moot**, and this action will be **DISMISSED without prejudice**.

I.  **STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party.  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact.  *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him."  *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).  However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party did not respond.  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).  Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its burden.  *Id*.  In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party."  *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

II.  **ANALYSIS**

Defendant McMinn County first seeks summary judgment because Plaintiff did not exhaust his available administrative remedies prior to filing this action, as the Prison Litigation Reform Act ("PLRA") requires [Doc. 33 at 10–11].  As an alternative argument, Defendant McMinn County also asserts that Plaintiff cannot establish that it violated § 1983 [*Id.* at 11–25].  As the

2

Court will grant Defendant McMinn County's motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies prior to filing this action, the Court will not address Defendant McMinn County's argument that it is entitled to summary judgment because Plaintiff cannot establish that it violated § 1983.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

Plaintiff filed his complaint in this action on August 24, 2021 [Doc. 1 at 2]. In his response to Defendant McMinn County's interrogatory requesting that Plaintiff explain the process of how he asked for help regarding his claims proceeding herein, Plaintiff lists twelve identification numbers for what he classifies as "grievances" [Doc. 32-2 at 2]. Defendant McMinn County has filed proof that these identification number refer to grievances and medical requests Plaintiff filed

before and after he filed his complaint in this action [*Id.*; Doc. 32-1 at 18, 20, 21, 25–26, 28, 30, 31]. Defendant McMinn County also filed proof that Plaintiff did not appeal any of his "grievances," even though the applicable McMinn County Sheriff's Office policy allowed him to do so [Doc. 32-1 at 1, 5, 6, 10, 12, 25–27, 73].[1] And Plaintiff has not come forward with any proof or pointed to any proof in the record from which a jury could find that he exhausted his available MCJC administrative remedies prior to filing this action in response to Defendant McMinn County's motion.

Moreover, while Plaintiff filed motions requesting issuance of subpoenas [Doc. 28] and a mental health exam [Doc. 31] prior to Defendant McMinn County filing its motion for summary judgment [Doc. 32], neither of these motions has any bearing on the Court's determination that Defendant McMinn County is entitled to summary judgment because Plaintiff did not exhaust his

---

[1] It appears to the Court that only two of the identification numbers Plaintiff lists in this interrogatory response refer to grievances Plaintiff filed regarding his claims proceeding herein prior to filing his complaint (General Grievances 118446 and 118763) [Doc. 32-1 at 3–6, 25–26]. One of the other identification numbers Plaintiff lists refers to a grievance he filed about a month after he filed his complaint (General Grievance 120580) [Doc. 32-2 at 2; Doc. 32-1 at 26], and the rest refer to medical requests Plaintiff filed regarding his mental health prior to and after filing his complaint in this action (Medical Requests 115048, 115199, 116892, 117564, 118627, 11914, 120586, 120628, and 121411) [Doc. 32-2 at 2; Doc. 32-1 at 4–9, 18, 20, 21, 28, 30, 31].

Notably, in his affidavit, Jail Administrator Bautsch appears to differentiate between "Medical Requests" and "General Grievances" [Doc 32-1 at 3–9]. And while Jail Administrator Bautsch indicates in his affidavit that Plaintiff did not appeal any of his grievances, he does not address whether Plaintiff could have appealed his medical requests [*Id.* at 12]. However, in its memorandum in support of its motion for summary judgment, Defendant McMinn County implies that all the documents Plaintiff refers to as "grievances" in his relevant interrogatory response, including the medical requests, are grievances from which Plaintiff could have appealed but did not [Doc. 33 at 11].

Regardless of this apparent ambiguity, however, the Court finds that, as Defendant McMinn County has set forth sworn proof that Plaintiff did not appeal any of his relevant grievances [Doc. 32-1 at 12], and Plaintiff has failed to file a response to Defendant McMinn County's motion for summary judgment citing any proof from which a jury could find that he exhausted his available MCJC administrative remedies pursuant to the applicable policy [*Id.* at 73], as the PLRA required him to do, Defendant McMinn County has met its burden to demonstrate that it is entitled to summary judgment on this issue.

4

available MCJC administrative remedies prior to filing this action.  First, as to Plaintiff's motion requesting issuance of subpoenas, two of the subpoenas Plaintiff included therein relate to medical records and therefore have no relevance to Plaintiff's failure to exhaust his administrative remedies [Doc. 28 at 3–4].  And while one of the subpoenas Plaintiff filed with this motion seeks his kiosk request documents [*Id.* at 5], and another seeks the MCJC Inmate Handbook [*Id.* at 6], Plaintiff does not allege in this motion (or anywhere else in the record) that he could not obtain these documents through discovery requests addressed to Defendant McMinn County.  Similarly, nothing in Plaintiff's motion for a mental health exam [Doc. 31] has any relevance to the issue of whether he exhausted his available MCJC administrative remedies prior to filing this action.  Also, Plaintiff did not seek relief under Rule 56(d) of the Federal Rules of Civil Procedure regarding Defendant McMinn County's motion for summary judgment from the Court, as he could have done.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Accordingly, Defendant McMinn County is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing this action.

### III. CONCLUSION

For the foregoing reasons, Defendant McMinn County's motion for summary judgment [Docs. 32] will be **GRANTED**, Plaintiff's pending motions [Docs. 28, 31] will be **DENIED as moot**, and this action will be **DISMISSED without prejudice**.  Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith.  As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

                                                      s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE